**Merrill ANDREWS, Plaintiff,**

v.

**Robert ATKINS, et al., Defendants.**

**No. 80–3106.**

United States District Court,
D. Kansas.

Jan. 25, 1984.

Merrill Andrews, pro se.

Robert T. Stephan, Kansas Atty. Gen., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

On January 20, 1984, the clerk of this court received a letter from plaintiff which the court has treated as a motion to obtain attendance of witnesses at trial. The trial in this matter is scheduled for February 13, 1984. In plaintiff's letter he does nothing more than request twenty (20) summons forms, which he evidently intends to complete and have served by the United States Marshal so that he might call "approximately 20 witnesses" to appear at trial.

In the pretrial order entered in this action on May 5, 1983, plaintiff was ordered to "prepare, file and serve fifteen days prior to trial" a summary of the anticipated testimony of the witnesses and other evidence he plans to offer at trial. Defendants filed their list of witnesses and exhibits on February 9, 1983. Plaintiff was served with a copy of this list. Plaintiff was further informed in the aforementioned pretrial order that witnesses and exhibits listed by one party may be called or offered by the other party, and that witnesses and exhibits not exchanged and filed as required by that order "shall not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the court or in proper rebuttal." Despite these forewarnings, it now appears plaintiff has made no pre-arrangements for the presentation of his evidence at trial.

At the trial of a lawsuit, it is the plaintiff's responsibility to be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of

trial evidence: (1) exhibits and (2) testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove his or her case, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify. The plaintiff must follow these procedures when the potential witness is a defendant to be called to testify by a plaintiff, or a person not a party to the lawsuit to be called to testify by a plaintiff ("party" meaning either a plaintiff or defendant).

There are different procedures to be followed to secure the testimony of witnesses in different circumstances. A description of those procedures is set forth herein which is substantially borrowed from a Memorandum entitled PROCEDURE FOR CALLING WITNESSES TO TRIAL developed and distributed by the United States District Court for the District of Wisconsin.

## I. PROCEDURES FOR OBTAINING ATTENDANCE OF INCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied:

(a) that the prospective witness is willing to attend *and*

(b) that the prospective witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

(a) The party himself or herself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily; that is, without being subpoenaed and without receiving a witness fee. The party must state in the affidavit when and where the prospective witness informed the party of this willingness.

OR

(b) The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed and without receiving a witness fee.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

(a) The party himself or herself can swear by affidavit that the prospective witness has actual knowledge and summarize what that knowledge is. However, this can be done only if the party has actual first-hand knowledge that the prospective witness was an eye-witness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

OR

(b) The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye-witness or an ear-witness. Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

In sufficient time so that the matter may be concluded prior to trial, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion asking for a court order

requiring that such witnesses be brought to court at the time of trial. The motion must:

(a) state the name and address of each such witness; and

(b) be accompanied by the necessary affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The court will review and rule on the motion, specifying which prospective witnesses must be brought to court. The court has the authority to deny the presence of witnesses who will be giving irrelevant or repetitive testimony or who are threats to security. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

## II. PROCEDURE FOR OBTAINING THE ATTENDANCE OF INCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY.

If an incarcerated witness refuses voluntarily to attend trial, TWO separate procedures must be followed:

A. The witness must be *subpoenaed.* The party seeking the witness' testimony must provide to the clerk of the court sufficient information on each witness so that subpoena forms may be completed for each witness who has refused voluntarily to testify at trial. With the information for the forms, the party must send a money order made payable to each witness for the *daily* witness fee of Thirty Dollars ($30). This must be accomplished a sufficient amount of time prior to trial so that service may be concluded. These items should be attached to the motion required under B below.

[Please note that no statute authorizes the use of public funds in civil cases for paying the $30 per day witness fee. See *Johnson v. Hubbard,* 698 F.2d 286, 289–90 (6th Cir.1983); *Hudson v. Ingalls Shipbuilding,* 516 F.Supp. 708 (S.D.Ala.1981). The payment of such fees is required of the party seeking that witness' testimony, even if the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.]

B. Because the witness is incarcerated, he or she cannot come to court, even having been properly served with a subpoena, unless the court orders his or her custodian to permit the witness to be transported to court. Therefore, no later than five weeks before trial, the party seeking the witness' attendance must serve upon the opposing party and file with the court a motion for an order requiring that the witness be brought to court at the time of trial. The motion must:

(1) state the name and address of the witness;

(2) include the information that the party has forwarded to the clerk for the completion of a form for a subpoena and the money order for the appropriate daily witness fee; and

(3) be accompanied by an affidavit of the party describing the relevant facts to which the prospective witness was an eye-witness or an ear-witness. The affidavit must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

After the court is satisfied that the necessary subpoena forms may be completed and the appropriate sum of money has been received, it will review and rule on the motion for an order requiring the witness to be brought to court. The order will specify which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

## III. UNINCARCERATED WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY

It is the responsibility of the party who has secured an unincarcerated witness' vol-

untary attendance to notify the witness of the time, date and place of trial. No action need be sought or obtained from the court.

## IV. UNINCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, no later than two weeks before trial, the party must prepare and submit a list of witnesses, including their addresses, on which he wishes to have subpoenaes served by the United States Marshal. Also, the party seeking the witness' presence must submit an appropriate sum of money for the United States Marshal to tender to the witness. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $30, *plus the witness' travel expenses.*

A subpoena will not be served by the United States Marshal upon an incarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $30. As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis.*

The present motion filed by plaintiff is completely inadequate to obtain the attendance of any witnesses who are incarcerated or need to be subpoenaed. Plaintiff should immediately decide what witnesses he wants to appear at his trial and forthwith take the proper procedures as set forth herein to obtain their presence. Plaintiff is reminded that he may call any witnesses produced at trial by defendants, and he need not initiate separate procedures to call those witnesses. Plaintiff's list of witnesses is due to be filed within a week.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for unspecified witnesses is hereby denied.